UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RENALDO TERRELL RESPASS         :
        Plaintiff,              :
                                :        PRISONER
     v.                         :   CASE NO. 3:10-cv-318(JBA)
                                :
BRIAN MURPHY, et al.,           :
        Defendants.             :

RULING AND ORDER

On March 3, 2010, plaintiff, currently incarcerated at Willard-Cybulski Correctional Institution in Enfield, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  Plaintiff named as defendants Commissioner of Correction Brian Murphy, Director of Parole and Community Services Joe Haggan, Parole and Community Services Supervisor Sondra Montesi, Parole Officer Drew Callahan and Warden Walter Ford.  Plaintiff has moved for leave to amend the complaint to add Warden Esther Torres and Counselor Supervisor Schneider as defendants.  The motion for leave to amend is granted.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Plaintiff alleges in the amended complaint that at some point prior to December 1, 2009, the Department of Correction had released him to a program in the community.  On December 1, 2009, pursuant to an order of Parole and Community Services Supervisor Montesi, Parole Officers Callahan and DeLeon remanded him back to the custody of the Department of Correction at Bridgeport

Correctional Center.  Plaintiff's overall risk level was raised from level 1 to level 2.  Plaintiff asserts that the defendants violated his right to due process by reclassifying him without providing him with a hearing and other notification as required by State of Connecticut Department of Correction Administrative Directive 9.2 (11)-(13).

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal

quotation marks and citations omitted).  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)).

Plaintiff sues the defendants in their official and individual capacities for monetary damages.  All claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment and are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).  *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).

Defendant Director of Department of Correction Parole Community Services Haggan is a supervisory official.  In an action filed pursuant to 42 U.S.C. § 1983, liability is imposed only on the official causing a constitutional violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the

4

constitutional deprivation.  *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Because the doctrine of respondeat superior is inapplicable in section 1983 cases, *Hayut v. State University of New York*, 352 F.3d 733, 753 (2d Cir. 2003), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  Plaintiff may establish supervisory liability by demonstrating one or more of the following criteria: (1) defendant actually and directly participated in the alleged acts; (2) defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) defendant was deliberately indifferent to plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring.  Plaintiff also must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

Plaintiff alleges no facts in the amended complaint concerning defendant Haggan.  He does not allege that defendant Haggan was involved in or made aware of his remand to the custody

of the Department of Correction and confinement at Bridgeport Correctional Center or his reclassification to an overall risk level of 2.  Thus, he has not presented a plausible claim of supervisory liability and the claims against defendant Haggan are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The only allegation against defendant Parole Officer Callahan is that he remanded plaintiff back to the custody of the Department of Correction pursuant to an order by defendant Parole/Community Services Supervisor Montesi. Plaintiff does not challenge the order of remand.  Accordingly, the plaintiff has failed to allege that defendant Callahan violated his constitutionally or federally protected rights.  The claims against defendant Callahan are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's claims that: (1) defendant Parole and Community Services Supervisor Montesi failed to provide him with a statement of reasons for the proposed increase in his risk level or notify him of the date and time of the hearing of the proposed revocation of his overall level 1 risk score; (2) defendant Counselor Supervisor Schneider failed to hold a re-classification hearing or provide him with a written statement of reasons for increasing his overall risk level to 2; and (3) defendants Commissioner Murphy and Wardens Ford and Torres' failed to remedy these violations after becoming aware of them through grievances

and verbal complaints from plaintiff remain.  The court concludes that these allegations of violations of plaintiff's due process rights warrant service of the amended complaint and an opportunity for plaintiff to address the defendants' response to the amended complaint.

## ORDERS

The court enters the following orders:

(1)  The Motion for Leave to file an Amended Complaint **[Doc. #7]** is **GRANTED**.  The claims in the amended complaint against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the claims against defendants Haggan and Callahan in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The due process claims set forth in the amended complaint against defendants Murphy, Montesi, Ford, Torres and Schneider in their individual capacities shall proceed.

(2)  The Motion for Appointment of Counsel [**Doc. # 9**] is **DENIED** without prejudice as premature.  Plaintiff has only received one response to the letters that he mailed out to attorneys on April 22, 2010, fourteen days, prior to filing the motion for counsel.  Furthermore, although he claims that Inmates' Legal Assistance Program will not assist him, he does not provide the reason for the denial of assistance.  Plaintiff is directed to contact the Inmates' Legal Assistance Program

again after receiving a copy of this ruling which clarifies the claims that will proceed in this case.

(3)  Within **fourteen (14) business days of this Order**, or by June 15, 2010, **the Pro Se Prisoner Litigation Office shall** ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Murphy, Montesi, Ford, Torres and Schneider and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, or by July 22, 2010, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the amended complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)  **Defendants shall** file their response to the amended

complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this order, or by August 16, 2010.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by January 2, 2011.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed by February 2, 2011.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted if meritorious absent opposition.

                                IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut, this 1st day of June 2010.**