UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RENALDO TERRELL RESPASS,     Plaintiff, | : : : | |
| v. | : : | No. 3:10CV00318 (DJS) |
| BRIAN MURPHY, ET AL.,     Defendants. | : : | |

MEMORANDUM OF DECISION

The plaintiff Renaldo Terrell Respass ("Respass"), who is currently incarcerated in a facility operated by the Connecticut Department of Correction ("DOC"), filed a complaint pursuant to 42 U.S.C. § 1983 against various DOC officials and employees. In his complaint Respass claims that his constitutional due process rights were violated by the named defendants in connection with an increase in his inmate risk classification level.  Now pending before the Court is the defendants' motion for summary judgment. For the reasons stated below, the defendants' motion (doc. # 66) is granted.

BACKGROUND

In December 1998 Respass received a twenty year sentence after having been convicted of several narcotics violations. In 2008 he applied for the DOC Community Release Program. In connection with his application for the DOC Community Release Program, Respass agreed to certain conditions, including, among others, that he would still be an inmate while on Community Release, that a transfer to Community Release could be modified or revoked at any time at the discretion of the Commissioner of Correction or his designee, and that his transfer to Community Release would be revoked or modified if he violated the law.

On July 14, 2009, DOC transferred Respass to community release/transitional supervision

at the Isaiah Halfway House in Bridgeport ("Halfway House"). While at the Halfway House, Respass was classified as a Risk Level 1. On November 24, 2009, Respass was found in possession of marijuana at the Halfway House. On December 1, 2009, Respass was transferred to the Bridgeport Correctional Center. Upon his transfer to the Bridgeport Correctional Center, Respass was reclassified from a Risk Level 1 to a Risk Level 2. According to the defendants, Risk Level 2, which represents a higher risk level than Level 1, is the lowest level that can be assigned to an inmate at the Bridgeport Correctional Center.

Respass utilized the DOC grievance process to contest his reclassification from a Risk Level 1 to a Risk Level 2, but his grievance was denied. DOC Administrative Directive 9.2, "Offender Classification," is the internal DOC directive governing, among other things, the process and procedures applicable to Risk Level increases from Risk Level 1 "for inmates remanded to custody and whose community transfer has been revoked . . . ." (Doc. # 68, at 10). Any such reclassification requires a risk reclassification hearing within a specified period of time. The directive also provides that an inmate shall be provided with a statement of reasons for the proposed risk level increase within 72 hours of the re-incarceration, with a copy of any documents pertaining to the statement of reasons, and notification of the date, time, and location of the reclassification hearing. The hearing notice must also inform the inmate of the right to appear at the hearing with an advocate and to present documents at the hearing.

The plaintiff's claims of constitutional due process violations are based on his allegations that the defendants failed to satisfy the requirements of DOC Directive 9.2. While he was detained at the Bridgeport Correctional Center, he was denied a statement of reasons for the proposed risk level increase and not given copies of any documents pertaining to such statement.

He was also not notified of the date, time, and location of a reclassification hearing, or of his right to appear at such a hearing with an advocate.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and a dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The movant bears the burden of showing that there is no genuine issue of material fact. *Id*. at 256. The Court must draw all justifiable inferences and resolve all ambiguities in the nonmovant's favor. *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir. 2010). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmovant "must come forward with specific facts showing that there is a *genuine issue for trial*." *Id.* at 587 (internal quotation marks omitted). Accordingly, Rule 56 "mandates the entry of summary judgment" against a nonmovant who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

---

[1] The Court recognizes that the defendants dispute the plaintiff's factual allegations in this regard, and further recognizes that Respass's response to the defendants' motion for summary judgment does not comply in all respects with the requirements of Local Civil Rule 56. The plaintiff's response did include his sworn statement verifying the facts he has asserted, however, and for purposes of ruling on the motion for summary judgment the Court will resolve those facts in favor of the non-moving plaintiff. *See Sousa v. Roque*, 578 F.3d 164, 166 n.1 (2d Cir. 2009).

DISCUSSION

It is clear from both the plaintiff's complaint and his response to the motion for summary judgment that his constitutional claims are based entirely on his reclassification from a Risk Level 1 to a Risk Level 2. He has not disputed the underlying facts that resulted in his transfer from Community Release to the Bridgeport Correctional Center, i.e., his being found in possession of marijuana at the Halfway House, and has not challenged the transfer itself. Rather, he claims that the defendants' failure to satisfy the requirements of DOC Directive 9.2 applicable to increases in risk level classification violated his constitutional due process rights.

"In order to assert a due process argument, a prisoner must show that he has . . . a protected liberty interest." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1992)). "The Supreme Court has held that federal prisoners have no protected interest in their classification that would invoke due process protections, because Congress has given federal prison officials full discretion to determine prisoner classifications." *Torres v. Stewart*, 263 F. Supp. 2d 463, 469 (D. Conn. 2003) (citing *Moody v. Daggett*, 429 U.S. 78, 79 n.9 (1976)). Likewise, "Connecticut inmates have no state or federally created liberty interest in their classification." *Id.* at 470; *see Nieves v. Coggeshall*, Case No. 3:96CV1799 (DJS) (TPS), 2000 U.S. Dist. LEXIS 16296, at *15 (D. Conn. Jan. 31, 2000) (a Connecticut inmate "has no constitutionally protected right to any particular classification, even where one classification is less desirable or more restrictive than others"). "Connecticut prisoners do not have a protected liberty interest in their classifications because the Commissioner of Correction has discretion to classify prisoners." *McKnight v. Lantz*, Case No. 3:09cv1379 (AVC), slip op. at 4 (D. Conn. Jan. 14, 2013) (citing *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir. 1980)).

Because Respass does not have a protected liberty interest in his risk level classification, he fails to state a valid due process claim based on his reclassification from a Risk Level 1 to a Risk Level 2. Since the entirety of Respass's claim is based on his risk level classification, the defendants are entitled to judgment as a matter of law. Because the Court finds that Respass has failed to state a valid due process claim, it is not necessary for the Court to address the other arguments raised by the defendants in their motion for summary judgment.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment (doc. # 66) is GRANTED. The Clerk is directed to close this case.

Dated at Hartford, Connecticut this 26th day of September, 2014.

    /s/ DJS
Dominic J. Squatrito
United States District Judge